IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOE BARRY CARROLL,<br><br>   Plaintiff,<br><br>     v.<br><br>THE TAVERN CORP., et al.,<br><br>   Defendants. | CIVIL ACTION FILE<br>NO. 1:08-CV-2514-TWT |
| JOSEPH SHAW,<br><br>   Plaintiff,<br><br>     v.<br><br>THE TAVERN AT PHIPPS, et al.,<br><br>   Defendants. | CIVIL ACTION FILE<br>NO. 1:08-CV-2554-TWT |

ORDER

This is a civil rights action alleging racial discrimination. It is before the Court on the Plaintiff Joe Barry Carroll's Objections to the Defendants' Bill of Costs [Doc. 284]. For the reasons set forth below, the Court SUSTAINS IN PART and DENIES IN PART the Plaintiff's objections.

I. Background

In August 2008, Joseph Shaw and Joe Barry Carroll filed individual suits against The Tavern at Phipps and CentraArchy Restaurant Management Co. (the

"Defendants") [Doc. 1]. The Plaintiffs claimed that they were the victims of racial discrimination when they were asked to give up their seats at the Defendants' bar so that two white women could be seated. When the Plaintiffs refused, they were escorted out of the bar by a police officer. On February 27, 2009, before any depositions were taken, the Plaintiffs' cases were consolidated [see Doc. 56]. The Court held a jury trial from September 12 to September 16, 2011. Both Plaintiffs were represented by the same lead trial counsel. On September 16, the jury returned a verdict in favor of the Defendants on all counts. On October 7, 2011, the Defendants submitted a Bill of Costs seeking $42,235.48 [see Doc. 283]. Plaintiff Carroll then filed an Objection to the Bill of Costs [Doc. 284].[1] Carroll contends that certain amounts requested by the Defendants are improper and that the total Bill of Costs should be split between himself and Plaintiff Joseph Shaw.

## II. Legal Standard

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d). Rule 54(d) does not give the district judge "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian American Oil Co., 379 U.S. 227, 235

---

[1]Plaintiff Joseph Shaw has not objected to the Bill of Costs.

(1964). The Supreme Court has held that district courts must limit costs awarded under Rule 54(d) to the list of items set forth in 28 U.S.C. § 1920 and other related statutes. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

III. Discussion

    A.    Deposition of Christopher Pappas

First, Carroll objects to costs associated with the deposition of Christopher Pappas. Specifically, the Plaintiff contends that the Defendants are not entitled to these costs because the Magistrate Court ordered that Pappas pay the court reporter fees associated with his deposition [see Doc. 100]. Pappas, however, has not paid any of these fees.[2] Indeed, the Defendants paid all costs associated with Pappas' deposition. Thus, under Rule 54(d), there is "a presumption in favor of awarding costs to the prevailing party which [the Plaintiff] must overcome." Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991). The Plaintiff has not shown that costs associated with Pappas' deposition have been paid by a third party. Further, the Plaintiff should not benefit from Pappas' misconduct or his failure to pay for the costs associated with his deposition. For these reasons, costs associated with Pappas' deposition are properly taxed against the Plaintiff.

---

[2]Indeed, it is unclear that the Magistrate Court's order obligates Pappas to pay for the transcript of his deposition.

B.  Depositions Related to Plaintiff Shaw

Carroll objects to the imposition of costs associated with depositions taken exclusively by Plaintiff Shaw's counsel. Specifically, the Plaintiff objects to costs associated with the depositions of Dan Angell, Gavin Angulo, Jeffrey Greenbaum, Jerry Greenbaum, Richard Russell, Julia Smith, and Alex Zengotita. "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the plaintiff might need the deposition transcripts to cross-examine the witnesses, . . . and that 'the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery.'" E.E.O.C. v. W & O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (quoting Independence Tube Corp. v. Copperweld Corp., 543 F. Supp. 706, 717-18 (N.D. Ill. 1982)). Here, Carroll listed all the deponents as potential witnesses to be called at trial [see Carroll Doc. 197, at 92-96]. Thus, Carroll is responsible for the costs associated with obtaining copies of the depositions of these witnesses.

C. <u>Deposition Travel Expenses</u>

The Plaintiff objects to $703.29 in costs associated with travel for the depositions of Dan Angell and Rick Russell.[3] "Ordinarily, travel expenses are not taxed as a cost." <u>DiCecco v. Dillard House, Inc.</u>, 149 F.R.D. 239, 240 (N.D. Ga. 1993). "Courts have recognized, however, that the taxation of costs may be appropriate in extraordinary and compelling circumstances." <u>Id.</u> Here, the Defendants contend that Angell's and Russell's depositions were delayed by several hours by the late arrival of opposing counsel. A delay of several hours, however, does not constitute extraordinary circumstances. For this reason, the Plaintiff's objection to $703.29 in deposition travel expenses is sustained.

D. <u>Photographs</u>

The Plaintiff objects to costs associated with producing certain photographs and a videotape used at trial and admitted as evidence. 28 U.S.C. § 1920(4) provides for costs for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Here, the photographs and videos were used during trial. Thus, these items fall within

---

[3] The Defendants seek $519.29 in travel costs to attend the deposition of Richard Russell and $184 in travel costs to attend the deposition of Dan Angell [see Doc. 284-1].

§ 1920(4). See 10 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 54.103 (§ 1920(4) "has also been relied on to justify an award of costs for various types of non-testimonial evidence, including photographs, maps, charts, graphs, and the like."); E.E.O.C. v. Kenosha Unified School Dist., 620 F.2d 1220, 1227 (7th Cir. 1980) (quotations omitted) ("This authorization is ordinarily construed as permitting an award of the reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats and kindred materials . . . when necessarily obtained for use in the case."). The photographs and videos of The Tavern at Phipps and the Ritz Carlton hotel were used by the Defendants to help the jury understand what happened and where. For this reason, costs for the photographs and videotapes used at trial are proper.

E. Gerard Buitrago's Trial Support

The Plaintiff objects to costs associated with Gerard Buitrago, a media technician employed by the Defendants' counsel. The Defendants seek $9,900 for the 66.6 hours Mr. Buitrago spent attending the trial [see Doc. 283-2]. Mr. Buitrago, however, did not invoice the Defendants for this time and there is no indication that the Defendants paid Mr. Buitrago directly. Rather, Greenberg Traurig, the Defendants' law firm, employs Mr. Buitrago. Although Mr. Buitrago may have worked during the trial, this labor was not a cost paid by the Defendants. For this

reason, the Plaintiff's objection to the $9,900 associated with Mr. Buitrago is sustained.

F.     Splitting Costs

Finally, the Plaintiff argues that costs for this case should be split equally between himself and Shaw.[4]  Although Carroll and Shaw originally filed separate complaints, the cases were consolidated on February 27, 2009, before any depositions were taken [see Doc. 56].  Further, the Plaintiffs used the same lead trial counsel and made no effort to distinguish their claims at trial.  Indeed, both Plaintiffs requested the same amount of punitive and compensatory damages.  For these reasons, the costs are awarded jointly against Plaintiffs Shaw and Carroll.

G.     Mediation

The Defendants have withdrawn their request for $4,620 in mediation expenses.  Thus, the Plaintiff's objection to mediation costs is sustained.

IV. Conclusion

For the reasons set forth above, the Court SUSTAINS IN PART and DENIES IN PART the Plaintiff's Objections to the Defendants' Bill of Costs [Doc. 284]. The

---

[4] Although the Plaintiff notes that courts have discretion to disallow costs, especially in civil rights cases, the Plaintiff does not contend that the Court should deny all costs in this case.  (See Pl.'s Opp'n to Defs.' Bill of Costs, at 4-5.)

Clerk is directed to tax costs in the amount of $27,012.19[5] in favor of the Defendants.

SO ORDERED, this 16 day of December, 2011.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[5]The Court sustains the Plaintiff's objections to $9,900 in costs associated with Gerard Buitrago, $703.29 in travel expenses to and from depositions, and $4,620 in mediation costs.